## MERCHANTS FINANCE COMPANY v GOLDWEBER et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17925.   Decided Jan. 27, 1941.

L. W. Myron, Cleveland, for plaintiff-appellant.

R. M. Ruhlman, Cleveland, for amicus curiae.

### OPINION

By TERRELL, PJ.

Defendants borrowed money from the plaintiff upon a promissory note, and agreed to pay interest at two per cent (2%) per month.

Plaintiff was organized and licensed under the Small Loans Statute of the State of Ohio.

Defendants became in default in the payments provided in the note.  Suit was instituted thereon, and judgment entered.  After judgment, upon proceedings to enforce the collection of judgment, the court allowed interest upon said judgment at the rate of six percent (6%) only; plaintiff appellant contending that interest on the judgment should be at the rate stipulated in the promissory note.

The question then is presented to us plainly,—upon such a note that bears interest above eight (8%) percent per annum, to-wit, two percent (2%) per month, does a judgment on such a note bear interest at the rate designated in the note?

The rate of interest is a matter upon which the parties to a loan may agree by contract.  It is subject to statutory limitations on the ground of public policy.  A judgment under the common law bears no interest.  If plaintiff is entitled to interest on its judgment, it must be by virtue of an enabling statute permitting such.

Counsel for plaintiff contends that the judgment should carry interest at the rate set up in the contract for the loan.  Counsel, however, admits that there is no enabling statute directly authorizing interest on such judgment.  A search of the statutes discloses, under chapter pertaining to interest, the following sections:

Sec. 8303 GC, which provides that upon promissory notes the parties may agree to a rate of interest not exceeding eight (8%) percent per annum.  This section apparently would not govern in this case at bar because the interest rate provided by the parties herein is two percent (2%) per month.

Sec. 8304 GC, provides for rate of interest upon judgments upon notes which contain stipulations for the payment of interest, which stipulations must be in accordance with the provisions of §8303 GC, which apparently should not be in excess of eight (8%) percent per annum.  Therefore, it follows that this §8304 GC, does not apply to the case at bar.

Sec. 8305 GC, provides for the rate of interest upon judgments where no stipulation is made as to the rate of interest upon the obligation and reads as follows:

"RATE WHEN NO STIPULATION, AND IN OTHER CASES: In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor shall be entitled to interest at the rate of six percent per annum and no more."

Under this section, the judgment creditor is entitled to a rate of interest of not more than six (6%) percent per annum upon the judgment. The plaintiff was licensed to do business under the Small Loans Act and was authorized to charge interest up to three (3%) percent per month. Nowhere in the Small Loans Act, §6346-1 GC, et seq., is there any provision found which permits a judgment upon such small loans to bear interest. Consequently, if any interest is to be allowed upon such a judgment it is under the provisions of §8305 GC.

We do not find that the trial court was in error in having allowed interest on such judgment, under §8305 GC, at the rate of six percent per annum instead of two percent (2%) per month.

The judgment is therefore affirmed.

LIEGHLEY, J. & MORGAN, J., concur in judgment.